IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY, KANSAS

|  |  |  |
|---|---|---|
| JACQUELINE S. SIMMONS, | ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: 18-02116-CM |
| *Plaintiff,* |  |  |
| v. |  |  |
| MIDWEST MEDICAL SPECIALISTS, P.A., |  |  |
| *Defendant.* |  |  |

### FIRST AMENDED COMPLAINT

Jacqueline Simmons, for her first amended complaint against Midwest Medical Specialists, P.A., (Midwest) alleges the following:

### Preliminary Statement

This is an employment discrimination case arising from Midwest's termination of Jacqueline Simmons. On or about November 4, 2016, the day following Simmons' pretextual termination, Midwest hired a male, with no experience, to replace her and paid him $5.00 more per hour to perform the exact same position as she held the day before.

### Parties

1.  Simmons is a citizen of the United States and a resident of Johnson County, Kansas.

2.  Defendant Midwest Medical Specialists, P.A. is a professional association organized, created and registered to do business in the State of Kansas, with its principal place of business located at 8490 College Boulevard, Overland Park, Kansas 66210.

## Nature of Action

3. This action seeks redress for and sex/gender discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a) ("Title VII") resulting in the wrongful termination of Jacqueline Simmons, against the named defendant, and sex-based pay discrimination in violation of the Equal Pay Act 29 U.S.C. §206(d)(1).

## Jurisdictional Basis

4. This Court has primary jurisdiction over the Title VII and Equal Pay claims, pursuant to 28 U.S.C. §1331.

5. Defendant Midwest is located within this district. Accordingly, as the acts complained of herein took place within this District, the venue is proper in this district under 28 U.S.C. §1391.

## Administrative remedies have been exhausted

6. Simmons incorporates by reference the above paragraphs as though set forth separately herein.

7. Simmons filed her Charge of Discrimination (No. 563-2017-01227) with the U.S. Equal Employment Opportunity Commission (EEOC), for sex, age and equal pay discrimination on or about May 9, 2017. Simmons was issued a Notice of Right to Sue for this Charge on February 5, 2018, and filed her initial complaint within ninety days of receipt of same on March 12, 2018. *See*, documents attached hereto.

8. Accordingly, Simmons has met all administrative prerequisites prior to filing this action.

**Facts Common to All Counts**

9. Simmons was hired by Midwest in April 2014 as their information technology (IT) coordinator. Simmons was in charge of everything and anything having to do with IT as well as the "meaningful use health information systems".

10. In May 2015, she received an excellent review and a $3.00/hour raise.

11. In June 2015, Barbara McCollum replaced the previous practice manager.

12. In May and June 2016, Simmons made requests to McCollum for her yearly review. McCollum ignored Simmons' requests.

13. Other co-workers, however, received their yearly reviews, promotions and raises during this time frame.

14. McCollum again ignored a request Simmons made via email requesting her yearly review.

15. During this time frame, Midwest hired a contractor to host their server. The company's name is Converged Communications and the primary employee doing work for them was named Joe Tusso.

16. As it turns out, Tusso and McCollum had a close working relationship prior working at Midwest.

17. As time passed, Tusso became increasingly difficult to communicate and work with. In the Spring of 2016, Tusso began avoiding communication with Simmons regarding important IT issues. Additionally, when Simmons would contact Joe about her work tickets, he would become verbally aggressive, and curse at her leaving her feeling uncomfortable, threatened, and harassed as a result of her inquiry.

3

18. As a result, Simmons complained of this inappropriate behavior to McCollum. However, McCollum ignored these complaints, and told Simmons just to "deal with it" because "that is how [Tusso] is."

19. Following Simmons complaints, McCollum informed her that Tusso did not want to "deal" with Simmons any longer that she would need to relay any important information through her [McCollum].

20. Simmons voiced her concern to McCollum indicating that they were a team and that it was inappropriate and unfair that she [McCollum] would be supporting a contractor and not a Midwest employee.

21. McCollum ignored Simmons' complaints.

22. As a result, she reached out to all of the Midwest shareholders via email to complain of the treatment she was receiving. Her complaints, however, were again ignored.

23. On November 3, 2016, McCollum called Simmons to her office (Becky Yeager was also present). McCollum told Simmons that on November 2, 2016, she had "accessed the server and tried to make changes and could no longer trust her [Simmons]." However, On November 1, 2016, McCollum had Tusso change the "administrative" login password to prevent Simmons from accessing the server. Simmons was unaware that this change had been made, and knew she needed to log into the server to reactivate a returning employee, Tonia Reeves. (This was a request the McCollum made via email that this employee was returning and needed to be re-activated. This was the "change" that McCollum was referring to when she stated she no longer trusted Simmons). Thinking Converged may have just been working on the server, Simmons then tried to log in with her own AD domain password (since she was an admin and had rights) on November 2, 2061, was able to access the server and re-activate Tonia Reeves, and

4

logged off immediately afterwards. As a practical matter, Simmons was the IT coordinator, and part of her job would have been to access the server. Nevertheless, Simmons was terminated by Midwest on November 3, 2016.

24. On or about November 4, 2016, at McCollum's direction, Midwest hired John McGregor to replace Simmons. McGregor is a male, younger than Simmons, with no IT experience, but was started at a pay rate $5.00/hour higher than Simmons.

25. Upon information and belief, at the time the decision to terminate Simmons and hire McGregor, McCollum and McGregor were involved in an extra-marital affair.

26. During her tenure with Midwest, Simmons never received any verbal or written reprimands. Indeed, by all accounts, she was a hardworking and well-liked employee, and never received anything but praise from the shareholders. However, *the day after* her termination, Simmons was replaced by a younger male, with no IT experience, (allegedly having an affair with McCollum), with a starting salary of $5.00 more per hour that her. McGregor had no prior IT or Health Information Systems experience. Additionally, upon information and belief, McCollum and Converged communications had decided to terminate Simmons on November 2, 2016. Accordingly, Midwest retaliated and discriminated against Ms. Simmons because of her sex (female) in violation of Title VII and the Equal Pay Act.

## COUNT I
### Title VII Discrimination Claim

27. Simmons realleges and incorporates all preceding paragraphs.

28. The day after her termination, a male with no IT experience replaced Simmons.

29. Accordingly, Midwest terminated Simmons because of her gender.

5

30. Simmons suffered economic and non-economic damages as a result of the conduct of the Midwest.

31. The actions of the Midwest were committed with malice or reckless indifference to her federally protected rights.

WHEREFORE, Simmons prays for judgment against Midwest her actual and punitive damages and her reasonable attorneys' fees, together with her costs, and any other relief the Court deems fair and equitable.

## COUNT II
### Sex-Based Pay Discrimination in Violation of the Equal Pay Act, 29 U.S.C. §206(d)(1)

32. Simmons realleges and incorporates all preceding paragraphs.

33. Section 206(d)(1) of the Equal Pay Act makes it unlawful for an employer "to discriminate . . . between employees on the basis of sex by paying wages to employees . . . at a rate less than the rate at which he pays to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, efforts, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system, (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex."

34. Upon information and belief, Midwest replaced Simmons with a male successor as an IT coordinator – the exact same job that Simmons held.

35. Simmons and her male successor performed their jobs under similar working conditions.

36. Simmons was paid a lower wage than her male successor doing substantially equal work.

37. The differential in pay between Simmons and her male successor was not due to a bona fide seniority system, a bona fide merit system, or a bona fide system that measures employee earnings by quantity or quality of work, nor was the difference in pay a result of a factor other than sex.

38. Midwest caused, contributed to, or caused the continuation of wage rate discrimination based on sex in violation of the Equal Pay Act.

39. Midwest's actions were willful and intentional; Midwest did not act in good faith and had no reasonable grounds for the pay disparity described herein.

40. As a direct, legal, and proximate result of the discrimination, Simmons has sustained and will continue to sustain, economic damages.

41. As a result of Midwest's actions, Simmons has suffered garden variety emotional distress.

WHEREFORE, Simmons prays for judgment against Midwest for her economic and compensatory damages, including, but not limited to all monetary relief available for equal pay violations such as back pay, liquidated damages, punitive damages, prejudgment and post-judgment interest reasonable attorneys' fees and costs, other compensation pursuant to 29 U.S.C §216(b) and all other relief the Court deems just and proper.

## COUNT III
### Title VII Retaliation Claim

42. Simmons realleges and incorporates all preceding paragraphs.

43. Simmons engaged in protected activity in that she complained to management about discrimination based on her gender.

44. In retaliation for engaging in protected activity, Midwest terminated Simmons.

7

45. Simmons suffered economic and non-economic damages as a result of the conduct of Midwest.

46. The actions of Midwest were committed with malice or reckless indifference to her federally protected rights.

WHEREFORE, Simmons prays for judgment against Midwest for her actual and punitive damages and her reasonable attorneys' fees, together with his costs, and any other relief the Court deems fair and equitable.

### Jury Demand and Place of Trial

Simmons respectfully requests a trial by jury on all issues so triable in Kansas City, Kansas.

HKM EMPLOYMENT ATTORNEYS LLP


*/s/ John J. Ziegelmeyer III*

John J. Ziegelmeyer III          KS No. 23003
American Century Tower II
4520 Main Street, Suite 700
Kansas City, Missouri 64111
Tel: 816.875.3332
jziegelmeyer@hkm.com
www.hkm.com

ATTORNEYS FOR PLAINTIFF


**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed on April 17, 2018, via the court's eFiling system with notice to the following:


Karen J. Halbrook, Esq.
Weston Mills, Esq.
Halbrook Wood, PC
3500 W. 75th Street, Suite 300
Prairie Village, KS 66208
913-529-1188
Fax: 913-529-1199
khalbrook@halbrookwoodlaw.com
wmills@halbrookwoodlaw.com


*John J. Ziegelmeyer III*
*ATTORNEYS FOR THE PLAINTIFF*

9

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other Information before completing this form. | ☐ FEPA ☒ EEOC | 563-2017-01227 |

**Kansas Human Rights Commission** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) Ms. Jacqueline S. Simmons | Home Phone (Incl. Area Code) (913) 202-9530 | Date of Birth 1961 |
|---|---|---|

Street Address: 11201 Grandview Drive, Overland Park, KS 66210

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name MIDWEST MEDICAL SPECIALISTS, P.A. | No. Employees, Members Unknown | Phone No. (Include Area Code) (913) 722-5551 |
|---|---|---|

Street Address: 8490 College Boulevard, Overland Park, KS 66210

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☒ OTHER (Specify) Equal Pay

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 11-03-2016    Latest: 04-24-2017
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I was hired by Respondent on or about 5/14 and I last held a position as IT Coordinator.

II. I was discharged. There was no legitimate reason for my discharge.

III. I was replaced by a less experienced younger male employee because my manager wanted to provide him with a job. He is paid more than I was paid to perform the IT Coordinator position.

IV. I believe this was discrimination against me because of my sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Equal Pay Act and because of my age, 55, in violation of the Age Discrimination in Employment Act.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

5/9/17 — Jacqueline Simmons
Date / Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

RECEIVED TIME SEP. 5. 9:51AM

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Jacqueline S. Simmons
11201 Grandview Drive
Overland Park, KS 66210

From: Kansas City Area Office
Gateway Tower II
400 State Avenue, Suite 905
Kansas City, KS 66101

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 563-2017-01227 | Teresa K. Wilke, Investigator | (913) 551-6645 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Natascha Deguire,
Area Office Director

02-05-18
*(Date Mailed)*

Enclosures(s)

cc: Barbara McCollum
Practice Manager

8490 College Boulevard
Overland Park, KS 66210

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION -- Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

cc: Weston Mills
HALBROOK LAW FIRM
3500 W. 75th STE 300
Prairie Village KS  66208